EL PUEBLO DE PUERTO RICO, recurrido, *v.* FRANCISCO GALÁN RIVERA, peticionario.

*Número:* CC-2016-629    *Resuelto:* 18 de agosto de 2016

*William Marini Román*, abogado de la parte peticionaria.

SALA DE VERANO integrada por el JUEZ ASOCIADO SEÑOR FELIBERTI CINTRÓN como su Presidente y los JUECES ASOCIADOS SEÑORES ESTRELLA MARTÍNEZ y COLÓN PÉREZ.

## RESOLUCIÓN

Atendidos la *Moción notificando comienzo de proceso y solicitud de remedio*, y el *Certiorari, "no ha lugar"*.

*Notifíquese inmediatamente por teléfono, vía facsímil y por la vía ordinaria.*

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado Señor Estrella Martínez emitió un Voto particular disidente.

(*Fdo.*) Juan Ernesto Dávila Rivera
*Secretario del Tribunal Supremo*

— O —

Voto particular disidente emitido por el Juez Asociado Señor Estrella Martínez.

En el caso ante nuestra consideración aplica el principio de especialidad acogido por la Asamblea Legislativa en el Art. 9 del Código Penal de 2012, *infra*. Ello, independiente a mi creencia de que la Asamblea Legislativa debió establecer penas más severas, en la legislación especial que nos ocupa, para aquellos delitos de naturaleza sexual cometidos por los padres, las madres o las personas custodias de menores que atentan contra la salud física o emocional de éstos. Veamos.

# I

Los hechos medulares ante nuestra consideración consisten en que se presentaron dos acusaciones contra el Sr. Francisco Galán Rivera (señor Galán Rivera) por los mismos hechos contra su hija menor de edad. En estas acusaciones se le imputó haber cometido el delito de actos lascivos tipificado en el Código Penal de 2012 (33 LPRA sec. 5194) y haber infringido el Art. 58(a) de la Ley Núm. 246-2011 (8 LPRA sec. 1174(a)).

El señor Galán Rivera cuestionó que se le imputaran ambos delitos. Para ello, presentó una *Moción solicitando desestimación de acusación bajo el principio de especialidad*, en la que argumentó que aplica el principio de especialidad, por lo que solo procedía la acusación por la ley especial, es decir, el Art. 58(a) de la Ley Núm. 246, *supra*, y la desestimación de la acusación por el delito de actos lascivos dispuesto en el Código Penal de 2012. Sustentó su postura señalando que ambas acusaciones contienen los mismos elementos constitutivos del delito imputado: (1) que el perjudicado o perjudicada sea víctima de actos lascivos; (2) que sea menor de edad, y (3) que sea una persona menor de 16 años. Resaltó la particularidad de que el delito de la ley especial establece que sea el padre o la madre la persona imputada de cometer el delito. Asimismo, señaló que mediante la ley especial, la Asamblea Legislativa pretendió dar un trato especial a la conducta específica contra menores realizada por su padre o madre, o por las personas que tengan la custodia de éstos. Por lo tanto, el señor Galán Rivera señaló que ambos delitos regulan la misma conducta criminal, pero que la ley especial contiene un requisito adicional, por lo que ésta debe prevalecer sobre la ley general.

El Ministerio Público se opuso y argumentó que el principio de especialidad no aplica debido a que la intención legislativa, salvaguardada por ambos estatutos, era distinta. Señaló que el delito de actos lascivos pretende castigar la

conducta que ofende el pudor o indemnidad sexual de la víctima, mientras que el delito tipificado en el Art. 58(a) de la Ley Núm. 246, *supra*, se creó para proteger a las personas menores de edad de cualquier forma de maltrato por parte de su padre o madre, de quienes las custodien o de las instituciones responsables, que les puedan causar la muerte, daños o sufrimientos físicos, sexuales o psicológicos. Concluyó que se atiende el maltrato de menores desde una perspectiva centrada en el bienestar y la protección integral de la niñez.

Tras analizar las posturas de las partes, el Tribunal de Primera Instancia declaró "no ha lugar" la solicitud presentada por el señor Galán Rivera. Concluyó que no aplicaba el principio de especialidad por entender que ambos estatutos persiguen proteger fines jurídicos distintos con diferentes propósitos.

Inconforme, el señor Galán Rivera acudió al Tribunal de Apelaciones, el cual confirmó al foro primario por entender que las disposiciones legales en cuestión no penalizan la misma materia, por lo que no aplica el principio de especialidad y se le puede acusar por ambos supuestos. El foro apelativo intermedio fundamentó su decisión en que el Código Penal de 2012 tipifica como conducta delictiva los actos lascivos o la conducta sexual contra un menor de 16 años —ya que no tiene capacidad para consentir— y el Art. 58(a) de la Ley Núm. 246, *supra*, penaliza el maltrato de menores en todas sus facetas, incluyendo las formas de conducta sexual. De esta forma, el Tribunal de Apelaciones entendió que el referido Art. 58(a) de la Ley Núm. 246 no penaliza la conducta de actos lascivos, sino el maltrato o el daño provocado por el padre, la madre o la persona responsable de ese menor, independientemente de si este maltrato o daño fue provocado por la conducta sexual o las agresiones físicas o emocionales.

Finalmente y de forma oportuna, el señor Galán Rivera presentó un recurso de *Certiorari* ante este Tribunal, en el

cual solicitó la revisión de la Sentencia emitida por el Tribunal de Apelaciones. Posteriormente, el 10 de agosto de 2016, presentó la *Moción notificando comienzo de proceso y solicitud de remedio,* en la que informó que su caso criminal está pautado para comenzar el 8 de septiembre de 2016. En consecuencia, sostuvo que si no se paralizan los procedimientos, podría tornarse académico su planteamiento.

En síntesis, el señor Galán Rivera reitera sus argumentos de que ambas disposiciones legales cobijan la misma conducta, por lo cual existe la obligación de acusar por la ley especial. Sostiene que, incluso, el Art. 58(a) de la Ley Núm. 246, *supra,* dispone que la comisión del delito queda establecido al probarse el acto lascivo. Por lo tanto, como el hecho se regula por diversas disposiciones penales, entiende que prevalece la aplicación de la pena especial bajo el principio de especialidad.

## II

Como sabemos, el Art. 9 del Código Penal de 2012 establece el principio de especialidad, al disponer que cuando diversas disposiciones regulan una misma materia, la disposición especial prevalece sobre la general. Véanse: Art. 9 del Código Penal de 2012 (33 LPRA sec. 5009); *Pueblo v. Hernández Villanueva,* 179 DPR 872, 891 (2010); *Pueblo v. Ramos Rivas,* 171 DPR 826, 836–837 (2007). El principio de especialidad determina cuál es la disposición penal que debe regir cuando aplica más de un precepto penal a una misma conducta delictiva, lo que impediría que una persona sea castigada por ambas disposiciones al mismo tiempo. De acuerdo con el principio de especialidad, se debe aplicar la regulación especial sobre la general, excepto que la legislación disponga lo contrario. Véanse: Opinión de conformidad del Juez Asociado Señor Kolthoff Caraballo, a la cual se unieron los Jueces Asociados Señores Martínez Torres y Fe-

liberti Cintrón, en *Pueblo v. Cordero Meléndez*, 193 DPR 701, 709 (2015); Opinión de conformidad de la entonces Jueza Asociada Oronoz Rodríguez en *Pueblo v. Cordero Meléndez*, supra, pág. 722; Opinión disidente del Juez Asociado Señor Estrella Martínez en *Pueblo v. Cordero Meléndez*, supra, pág. 739. Resulta incuestionable que, bajo este principio, la regulación especial excluye o desplaza a la general, "pues quien realiza el tipo específico siempre consuma el genérico, mientras que a la inversa no sucede lo contrario". *Pueblo v. Ramos Rivas*, supra, pág. 837.

En este análisis, es importante determinar si la Asamblea Legislativa pretendió dar un trato especial a la conducta específicamente legislada, distinto del tratamiento dado a la conducta general; es decir, si ese trato especial está especialmente diseñado para la situación imputada. Así, un precepto es más especial que otro cuando requiere, *además de los presupuestos igualmente exigidos en el segundo, algún presupuesto adicional*. Véanse: Opinión de conformidad del Juez Asociado Señor Kolthoff Caraballo, a la cual se unieron los Jueces Asociados Señores Martínez Torres y Feliberti Cintrón, en *Pueblo v. Cordero Meléndez*, supra, pág. 710; Opinión de conformidad de la entonces Jueza Asociada Oronoz Rodríguez en *Pueblo v. Cordero Meléndez*, supra, págs. 722–723; Opinión disidente del Juez Asociado Señor Estrella Martínez en *Pueblo v. Cordero Meléndez*, supra, pág. 738; S. Mir Puig, *Derecho penal; parte general*, 8va ed., Barcelona, Ed. Reppertor, 2008, pág. 654; L. Jiménez de Asúa, *Tratado de derecho penal*, 2da ed., Buenos Aires, Ed. Losada, 1958, T. II, pág. 546. En definitiva, el "precepto especial describe de forma más completa el curso de acción antijurídico llevado a cabo por el sujeto". L.E. Chiesa Aponte, *Derecho penal sustantivo*, 2da ed., Estados Unidos, Pubs. JTS, 2013, pág. 90.

## III

En el caso de autos, el delito de actos lascivos por el cual fue acusado el señor Galán Rivera es el siguiente:

Toda persona que a propósito, con conocimiento o temerariamente, sin intentar consumar el delito de agresión sexual descrito en la sec. 5191 de este título, someta a otra persona a un acto que tienda a despertar, excitar o satisfacer la pasión o deseos sexuales del imputado, en cualquiera de las circunstancias que se exponen a continuación, será sancionada con pena de reclusión por un término fijo de ocho (8) años, más la pena de restitución, salvo que la víctima renuncie a ello:
(a) Si la víctima al momento del hecho es menor de dieciséis (16) años de edad.

. . . . . . . .

(f) Si el acusado tiene una relación de parentesco con la víctima, por ser ascendiente o descendiente, por consanguinidad, adopción o afinidad, o colateral por consanguinidad o adopción, hasta el tercer grado, o por compartir o poseer la custodia física o patria potestad.

. . . . . .

Cuando el delito se cometa en cualquiera de las modalidades descritas en los incisos (a) y (f) de esta sección, o se cometa en el hogar de la víctima, o en cualquier otro lugar donde ésta tenga una expectativa razonable de intimidad, la pena del delito será de reclusión por un término fijo de quince (15) años más la pena de restitución, salvo que la víctima renuncie a ello. 33 LPRA sec. 5194.

Por su parte, el Art. 58(a) de la Ley Núm. 246, *supra*, establece lo siguiente:

Todo padre, madre o persona responsable por el bienestar de un menor o cualquier otra persona que por acción u omisión intencional *incurra en un acto que cause daño o ponga en riesgo a un menor de sufrir daño a su salud e integridad física, mental o emocional,* será sancionado con pena de reclusión por un término fijo de [cinco (5)] años o multa que no será menor de cinco mil (5,000) dólares ni mayor de diez mil (10,000) dólares, o ambas penas, a discreción del tribunal. De mediar circunstancias agravantes, la pena fija establecida podrá ser aumentada hasta un máximo de ocho (8) años; de mediar circunstancias atenuantes, la pena fija podrá ser reducida hasta un máxim[o d]e tres (3) años.

Todo *padre*, madre o persona responsable por el bienestar de un menor o cualquier otra persona que por acción u omisión intencional incurra en conducta constitutiva de violencia doméstica en presencia de menores, en *abuso sexual*, en conducta obscena o la utilización de un menor para ejecutar conducta obscena, será sancionado con pena de reclusión por un término fijo de diez (10) años. La pena con agravantes podrá ser aumentada a doce (12) años de reclusión y de mediar circunstancias atenuantes, la pena podrá ser reducida a ocho (8) años de reclusión.

Se considerarán agravantes en estos casos las siguientes circunstancias:

(a) Si la víctima es ascendiente o descendiente en cualquier grado[, i]ncluyendo las relaciones adoptiva[s o] por afinidad. (Énfasis suplido). 8 LPRA sec. 1174.

Al examinar la Ley Núm. 246-2011 advertimos que establece que se constituye un daño físico cuando medie cualquier trauma, lesión o condición no accidental, incluso aquella falta de alimentos que, de no ser atendida, podría resultar en la muerte, desfiguramiento, enfermedad o incapacidad temporera o permanente de cualquier parte o función del cuerpo. Asimismo el trauma, la lesión o la condición puede ser producto de un solo episodio o de varios. 8 LPRA sec. 1101(k). De igual forma, precisa que el daño mental o emocional se constituye al mediar un menoscabo de la capacidad intelectual o emocional de la persona menor de edad dentro de lo considerado como normal para su edad y en su medio cultural. Se considerará, además, que existe daño emocional cuando hay evidencia de que el o la menor manifiesta en forma recurrente o exhibe conductas tales como miedo, sentimientos de inseguridad, aislamiento, conducta agresiva o regresiva, o cualquier otra conducta similar que manifieste vulnerabilidad de un o una menor en el aspecto emocional. 8 LPRA sec. 1101(*l*).

A su vez, la Ley Núm. 246-2011 define lo que constituye "abuso sexual":

Incurrir en conducta sexual en presencia de un menor y/o que se utilice a un menor, voluntaria o involuntariamente, para ejecutar conducta sexual dirigida a satisfacer la lascivia

o cualquier acto que, *de procesarse por la vía criminal, configuraría cualesquiera de los siguientes delitos*: agresión sexual, *actos lascivos*, comercio de personas para actos sexuales, exposiciones obscenas, proposición obscena, producción de pornografía infantil, posesión y distribución de pornografía infantil, utilización de un menor para pornografía infantil; envío, transportación, venta, distribución, publicación, exhibición o posesión de material obsceno y espectáculos obscenos según han sido tipificados en el Código Penal de Puerto Rico. (Énfasis suplido). 8 LPRA sec. 1101(b).

De lo transcrito surge claramente que las disposiciones atienden el mismo tipo de conducta delictiva: la conducta sexual contra una víctima menor de edad, en este caso, causada por su padre. Tan es así, que el propio Art. 58(a) de la Ley Núm. 246, *supra*, aclara expresamente que ese tipo de abuso sexual incluye aquel que configuraría el delito de actos lascivos si se procesara por la vía criminal. Sin embargo, para fines de la controversia ante nos, no podemos ignorar que el legislador estableció un presupuesto adicional en la regulación especial de la Ley Núm. 246-2011, a saber, que el sujeto activo que comete el delito, al ser su padre, madre o persona custodia, *causa un daño o pone en riesgo a un o una menor de sufrir daño a su salud e integridad físicas, mentales o emocionales.* Por ello, el Art. 58(a) de la Ley Núm. 246, *supra*, se diseñó especialmente para ese fin.

De acuerdo con lo anterior, la Ley Núm. 246-2011 requiere, además de los elementos contenidos en el delito general de actos lascivos tipificado en el Código Penal, que el acto cometido por el padre, la madre o la persona responsable del bienestar del o de la menor —como fue imputado en este caso— le cause un daño o ponga en riesgo al o a la menor de sufrir un daño a su salud e integridad ya sea física, mental o emocional. Ante ello, requiere los presupuestos exigidos por el delito general, más uno adicional que describa de forma más completa el efecto del curso de acción antijurídico llevado a cabo por el sujeto.

Como resultado, discrepo de la interpretación avalada por la Mayoría, que establece como diferencia el propósito de la tipificación de ambos delitos, cuando en realidad la materia tipificada en éstos es la misma: la conducta de tipo sexual contra menores de edad. No menos importante, el análisis aquí expuesto refleja con exactitud que el citado Art. 58(a) atiende, específicamente, aquella conducta criminal en que haya incurrido el padre o la madre de la víctima, causándole un daño al o a la menor en su salud física, mental o emocional, entre los cuales están incluidos expresamente los actos lascivos.

## IV

Las acusaciones presentadas por el Ministerio Público van dirigidas a probar la conducta lasciva por parte del padre de la menor que le causó un daño a la salud física, mental o emocional de ésta, por lo que como elemento común para probar estas acusaciones, sería necesario establecer que: (1) hubo un abuso sexual consistente de un acto lascivo; (2) se realizó contra una menor de 16 años de edad, y (3) la víctima era la hija biológica del imputado. Ciertamente, el Art. 58(a) de la Ley Núm. 246, *supra, fue especialmente diseñado para la situación imputada, incluyendo y describiendo mejor la conducta cometida y los efectos de ésta sobre la menor.* Por mandato del propio Código Penal, procede aplicar el principio de especialidad y acusar por éste. De probarse los hechos alegados, el señor Galán Rivera incurriría en el delito tipificado en el Art. 58(a) de la Ley Núm. 246, *supra*, contra un o una menor de edad, el cual consume, a su vez, el delito genérico. El Art. 58(a) de la Ley Núm. 246 contiene todos los requisitos del delito de actos lascivos del tipo general, pero figuran además otras condiciones calificativas en virtud de las cuales la ley especial tiene preferencia sobre la general en su aplicación. Véase Jiménez de Asúa, *op. cit.*, pág. 546.

En este caso, es un hecho irrefutable que el Ministerio Público acusó al señor Galán Rivera de haber sometido a su hija a una conducta lasciva que le "caus[ó] daño y/o puso en riesgo a la menor de sufrir daño a su salud e integridad física, mental y/o emocional". Apéndice, pág. 55. Por lo tanto, ante tal realidad, procede acusar por la ley especial conforme al mandato del Art. 9 del Código Penal, *supra*.

Lamentablemente, correspondía a la Asamblea Legislativa atender con una pena mayor el hecho de los daños emocionales, físicos o mentales que puede causar un padre, una madre o una persona custodia por este tipo de actuación contra un o una menor. No obstante, es mi obligación aplicar el principio de especialidad establecido por la propia Asamblea Legislativa. Ésta tenía a su haber, entre múltiples cursos de acción, la oportunidad de excluir de la aplicación de este principio a la Ley Núm. 246, *supra*, disponiéndolo expresamente en el referido estatuto. Sin embargo, no lo hizo. Por ende, considero que procede en derecho la aplicación del principio de especialidad a los hechos ante nuestra consideración.

En consecuencia, y no siendo este el criterio mayoritario, discrepo del proceder adoptado. En su lugar, paralizaría los procedimientos y expediría el recurso de *certiorari* presentado para disponer de una cuestión estrictamente de derecho.